Howard P. WILLENS, et al., Plaintiffs,

v.

NATIONAL SECURITY
COUNCIL, Defendant.

Civ. A. No. 85–1400.

United States District Court,
District of Columbia.

Dec. 11, 1989.

See also: 720 F.Supp. 15.

Howard P. Willens, Deanne C. Siemer, and Edward Janger, Wilmer, Cutler & Pickering, Washington, D.C., for plaintiffs.

Vincent M. Garvey, Richard G. Lepley, and Tracy L. Merritt, Attys., Dept. of Justice, Civ. Div., Washington, D.C., for defendant.

ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to the Parties' Cross-motions for Summary Judgment.

Plaintiffs submitted a Freedom of Information Act (FOIA) request to the Defendant National Security Council (NSC) to obtain documents relating to the negotiations between the United States and the Northern Mariana Islands during 1972–75 in order to write an historical account of these events. As a result of substantial disclosures by the Defendant over the protracted course of this matter the Plaintiffs have elected to contest only two documents within the Defendant's "institutional" files based on exemptions one [1] and five.[2] The Plaintiffs further contend that the Defendant should search its "White House" or "presidential" files and release all responsive documents or provide a *Vaughn* index for those it chooses not to release pursuant to an appropriate FOIA exemption.

I. Institutional Files

In order to determine whether the Defendant was entitled to rely upon exemption one this court ordered an in camera inspection of the documents in controversy, received classified declarations to explain the basis for the withholdings and questioned witnesses in camera on the grounds for the withholding. This Court inspected the documents and questioned the witnesses at the in camera hearing on December 4, 1989. This Court reviewed the classified declara-

---

1. Exemption one allows an agency to withhold documents which are "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1) (1982).

2. Exemption five permits an agency to withhold documents which are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (1982).

tions and questioned Defendant's counsel at the December 4, 1989 hearing and again on December 11, 1989. This Court has given this matter a full and thorough review.

This Court received the classified declarations of the following individuals: Nancy V. Menan, Senior Director for the Information Policy, National Security Council; Donald J. Yellman, Office of Freely Associated State Affairs, Department of State; and Major General Gene A. Deegan, Vice Director, Joint Staff, Department of Defense. Present at the December 4, 1989 in camera hearing were Menan, Yellman, and Col. Charles L. Pritchard, in place of General Deegan, Advisor to the Joint Chiefs of Staff for Political/Military Affairs. Col. Pritchard's expertise is in Japanese and southeast Asian affairs whose responsibility includes advising the Joint Staff of the political ramifications of its actions.

Document 2301(E), entitled "Safeguards on the Constitutional Convention Approach—the Dual Referenda," was withheld in full. The Defendant's pleadings explain the basis for this withholding under exemption five:

Plaintiffs assert that the subject matter of this document is in the public domain. In fact, the document contains consideration of changes and candid recommendations to higher officials in the Executive Branch regarding those changes. The withheld material does not represent the final position of the U.S. government on these issues. Although plaintiffs claim that similar information has been released, NSC's review of the available materials does not show that the specific withheld predecisional discussions were disclosed by an official government source.

*Defendant's Reply to Plaintiffs' Opposition to Defendant's Renewed Motion for Summary Judgment* at tab 2. However, at the in camera hearings and in Menan's declaration the Defendant has also chosen to assert exemption one as the basis upon which it does not release the document.

The document is now classified secret. Pages two and three of Menan's classified declaration explain the denial of this document in full.

Document 2391, entitled "Review of Micronesian Status Negotiations," is a 63-page document which was released to Plaintiffs with partial deletions. In its pleadings the Defendant has generally characterized the deleted material as

frank assessments of the various and numerous negotiation options under consideration. Although plaintiffs claim that other documents regarding the various negotiation options have been released, plaintiffs have not indicated any officially released documents that contain this specific predecisional information. Contrary to plaintiffs' unsupported allegation about the effect that the age of the material has on the need for its withholding, this information retains its direct relation to the security of the United States. As plaintiffs correctly note, similar negotiations currently are underway with the Palau District of Micronesia.

*Defendant's Reply to Plaintiffs' Opposition to Defendant's Renewed Motion for Summary Judgment* at tab 17. The classified declaration of Yellman specifically articulates the national security interest implicated by each redaction. Paragraph 1 at page 32 of document 2391 is redacted and the reasons for its redaction are explained in paragraph 10 at page 6 of Yellman's declaration. The grounds for the redaction at page 59 of the document are explained at pages 6 and 7 of Yellman's declaration. The grounds for the redaction at page 60 of the document are explained at page 8 of Yellman's declaration. Finally, the explanation for the redaction at page 61 of the document is at page 8 of Yellman's declaration.

After examining the documents and giving full consideration to the submitted declarations and the witness' statements, this Court is satisfied that the reasons which the Defendant asserts for not disclosing

the documents under exemption one are credible and have a rational basis; this Court is not in a position to second-guess the Defendant's national security determinations.[3] *See, e.g., Taylor v. Department of the Army*, 684 F.2d 99, 109 (D.C.Cir. 1982).

## II.  White House or Presidential Files

Plaintiffs also seek an unspecified number of so-called White House documents in the Defendant's "Presidential" files. However, the Defendant is not in possession of any "Presidential" file which would be responsive to Plaintiffs' FOIA request. The sworn declaration of George Van Eron, Director of the Secretariat at the National Security Council, responsible for supervising the management of Defendant's files, states that "[t]here are no presidential or White House files that contain documents within the scope of the FOIA request submitted by plaintiffs in this proceeding within the custody, possession or control of the NSC.  * * *  [A]ny responsive presidential or White House files that were previously in the possession of the NSC would have been transferred to the National Archives and Records Administration and the appropriate presidential library at the end of the Administration whose papers they were." *Declaration of George Van Eron* ¶ 2. Moreover, the declarant states that other than documents already identified in the *Vaughn* index in this proceeding, which the Defendant has since released, the Defendant "does not possess copies of presidential documents or any other record of the information" that would have been responsive to Plaintiffs' request. *Id.* ¶ 4, 5. Accordingly, the Defendant cannot provide a *Vaughn* index to documents over which it has no possession.

Accordingly, it is hereby

ORDERED that Plaintiffs' Motion for Summary Judgment be, and the same hereby is, DENIED; and it is further

ORDERED that Defendant's Motion for Summary Judgment be, and the same hereby is, GRANTED.

---

**3.**  Because of this Court's finding that the Defendant's withholding of the documents is justified pursuant to exemption one, this Court does not

reach the issue of whether the documents could also be withheld based on exemption five.